IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RALPH A. JOHNSON,
     Plaintiff,

vs.                               Case No. 3:04cv424/MCR/EMT

DR. ALBERT YU,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

This case filed pursuant to 42 U.S.C. § 1983 is now before the court upon Defendant's special report and supporting documents filed on April 17, 2006 (Doc. 46).  Plaintiff, an inmate of the Florida correctional system proceeding pro se and in forma pauperis, responded to the special report (Doc. 49).  On May 26, 2006 the court entered an order advising the parties of the importance and ramifications of Rule 56 summary judgment consideration, and informing the parties that the special report would be construed as a motion for summary judgment as of June 26, 2006 (Doc. 50). Neither party has filed additional argument or Rule 56 materials. Upon review of the parties' submissions, it is the opinion of the undersigned that the motion for summary judgment filed by Defendant should be granted.

## I.     BACKGROUND

The following material facts are without substantial controversy.[1]  Plaintiff began complaining of problems with his genitalia in August 2004, while incarcerated at Century Correctional Institution (CCI) (Doc. 32 at 7; Doc. 46 at 1-2, Ex. C).  Defendant, a CCI physician, examined Plaintiff on August 30, 2004 to evaluate Plaintiff's reported symptoms of testicular/scrotal movement and pain (Doc. 32 at 7; Doc. 46, Affidavit of Dr. Albert Yu ¶ 3).  During a medical visit, Defendant identified a cyst on Plaintiff's testicle that he determined was benign, and informed Plaintiff that no further medical treatment was necessary (Doc. 32 at 7; Doc. 46, Yu Aff. ¶ 3).[2] Defendant's evidence indicates (and Plaintiff does not refute) that Plaintiff was seen by medical personnel at CCI on October 12, 2004, October 17, 2004, March 7, 2005, March 8, 2005, and April 27, 2005 during which visits the records show no discussion of groin or testicular pain or concerns (Doc. 46 at 3-4, Exs. C2, C3, C4, C5 and C7).

The parties' versions of the facts diverge as to how many times Plaintiff was seen by medical staff regarding his groin/genitalia pain and discomfort, which personnel saw Plaintiff on those occasions, and what remarks Defendant made at those visits.  Plaintiff states he saw Defendant a total of three times regarding his complaints of scrotal pain and movement, and that on the third visit Defendant threatened him with confinement if he returned (Doc. 32 at 7).  According to Defendant, Plaintiff was seen at CCI regarding his groin only twice, once by Defendant (on August 30, 2004) and once by a nurse at sick call (on March 25, 2005) (Doc. 46 at 4, Ex. C6).  Defendant denies threatening Plaintiff with confinement (*id*., Yu Aff. ¶ 4).  At the second visit regarding his genitalia, Plaintiff asserts Defendant examined him and exclaimed, "What the Hell is this?" (Doc. 32 at 7).  Defendant's evidence indicates that the second visit was with a nurse, not with Defendant, and that

---

[1]The court conveys as facts those factual allegations contained in Plaintiff's verified second amended complaint (Doc. 32) and Defendant's affidavits in support of his motion for summary judgment, including attachments (Doc. 46), which comply with the requirements for affidavits specified in Rule 56--that they "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56(e); *see, e.g.*, Dickinson v. Wainright, 626 F.2d 1184, 1186 (5th Cir. 1980); Murrell v. Bennett, 615 F.2d 306, 310 n.5 (5th Cir. 1980).

[2]The parties differ as to which visit involved Defendant's identification of the cyst (Plaintiff indicates it was on a second visit, not on August 30) and as to which visit involved Defendant's telling Plaintiff no further treatment was needed.

the nurse's assessment reflected a normal groin (Doc. 46 at 4, Ex. C6).  According to Defendant, although Plaintiff did see him a second time (on March 8, 2005), the visit related to Plaintiff's hand injury with no mention of groin pain (*id.* at 3-4, Ex. C5).

Defendant's unrefuted evidence indicates Plaintiff was transferred from CCI to Santa Rosa Correctional Institution (SRCI) on April 29, 2005 (*id.* at 4, Ex. B).  As part of the transfer, three medical assessments were completed, none of which referenced current medical complaints or urgent health care needs (*id.*, Ex. C7 - C10).  However, the parties' facts diverge as to whether Plaintiff has been seen for his condition while at SRCI.  Plaintiff asserts that no one at SRCI will "touch [him] because they don't want any involvement" in this lawsuit (Doc. 32 at 7).  Defendant asserts Plaintiff was seen by Dr. Rummel at SRCI on May 26, 2005 for his complaints of genital movement (Doc. 46 at 5, Ex. C12).  According to Defendant, Dr. Rummel noted active movement of Plaintiff's external genitalia but determined that exaggerated normal reflexes were producing the motion and no prescription was necessary (Doc. 46 at 5, Ex. C12).

The parties' facts differ as to the harm suffered by Plaintiff due to his condition.  Plaintiff states his condition caused him to lose substantial weight (Doc. 32 at 7).  Defendant maintains that Plaintiff's weight remained stable throughout the relevant time frame within a range of 179 - 186 pounds (Doc. 46 at 9, Exs. C - C2, C5, C6, C9 - C12).  Dr. Cherry, the Director of "Health Services Clinical" for the Florida Department of Corrections (DOC), reviewed Plaintiff's medical records on Defendant's behalf (Doc. 46, Affidavit of Dr. Daniel P. Cherry).  Dr. Cherry found that Plaintiff's condition did not pose a risk to his health and did not necessitate any further treatment (Doc. 46, Cherry Aff. ¶ 9).  Dr. Cherry additionally found that Defendant provided appropriate medical care (*id.*, ¶ 8).   In his response to Defendant's motion, Plaintiff indicates he would be able to refute the findings of the doctors if he were able to see a physician outside the DOC (Doc. 49 at 1).

II.     PROCEDURAL HISTORY

Plaintiff filed a second amended complaint against Defendant Yu, alleging civil rights violations under 42 U.S.C. § 1983 (Doc. 32).  Plaintiff seeks to hold Defendant liable for failing to provide adequate medical treatment.  Plaintiff contends Defendant "knew that his failure to provide treatment placed plaintiff at serious risk of substantial harm" (Doc. 32 at 7).  As relief, Plaintiff seeks court costs and monetary damages of $10,000.00 (*id.* at 8).

Defendant, in his motion for summary judgment, argues that he is entitled to summary judgment because Plaintiff's second amended complaint fails to establish a constitutional violation. Specifically, he argues that Plaintiff cannot meet the burden of demonstrating that Plaintiff had a serious medical need or that Defendant knew of and disregarded an excessive risk to Plaintiff's health (Doc. 46 at 7-11).  Additionally, Defendant contends he is entitled to qualified immunity because the right allegedly violated was not clearly established at the time of the allegedly violative conduct (*id*. at 12-13).  Furthermore, to the extent he is sued in his official capacity, Defendant argues he is entitled to Eleventh Amendment immunity from Plaintiff's claim for damages (*id*. at 13-15).  Finally, Defendant argues that Plaintiff is precluded from recovering monetary damages because he has failed to demonstrate that he suffered any damages and has not satisfied the physical injury requirement of 42 U.S.C. § 1997e(e) (*id*. at 15-16).

III.    DISCUSSION

A.    Summary Judgment Standard

In order to prevail on his motion for summary judgment, Defendant must show that Plaintiff has no evidence to support his case or present affirmative evidence that Plaintiff will be unable to prove his case at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986).  If Defendant successfully negates an essential element of Plaintiff's case, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  *Id.*  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L.  Ed. 2d 202 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Id.*; *accord* Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).  Further, Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient.  Celotex Corp., 477 U.S. at 324.  Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  *Id.*; Owen v. Wille, 117 F.3d

1235, 1236 (11th Cir. 1997) ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by h[is] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'") (quoting Celotex Corp., 477 U.S. at 324); Hammer v. Slater, 20 F.3d 1137 (11th Cir. 1994).

Evidence presented by Plaintiff in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to Plaintiff. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999).  A motion for summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 322.

B.    Eighth Amendment Claim

It is well settled that the government has a constitutional duty to provide minimally adequate medical care to prisoners.  Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991).  Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"  Id. at 1505 (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)).  Incidents of mere negligence or malpractice do not rise to the level of constitutional violations.  Id. (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).  Similarly, a difference in medical opinion between the medical staff and an inmate as to the inmate's diagnosis or course of medical treatment does not support a claim of cruel and unusual punishment.  Id.

Stating an Eighth Amendment claim for inadequate medical care requires satisfying both an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000).  First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L. Ed. 2d 271 (1991)).  Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment.  Id.

Both the objective and subjective components encompass two subsidiary requirements. Taylor, 221 F.3d at 1258.  As to the objective prong, an objectively serious deprivation requires showing an objectively "serious medical need." Estelle, 429 U.S. at 104.  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *see also* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm").  In addition, an objectively serious deprivation requires showing the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105.  "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)); Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need"). Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980).[3] "Summary judgment must be granted for the defendant official unless the plaintiff presents evidence of the official's subjective knowledge, as follows: 'since a finding of deliberate indifference requires a finding of the defendant's subjective awareness of the relevant risk, a genuine issue of material fact exists only if the record contains evidence, albeit circumstantial, of such subjective awareness.'"

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Campbell v. Sikes, 169 F.3d 1353, 1364 (11th Cir. 1999) (quoting Steele v. Shah, 87 F.3d 1266, 1269 (11th Cir. 1996)).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference.  Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994).  However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made.  Thigpen, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)).  To do otherwise would be "to constitutionalize claims that sound in tort law."  Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (internal quotation omitted).

C.       Conclusions of Law Regarding Material Facts

1.       Eighth Amendment Claim

Defendant maintains that he is entitled to summary judgment because Plaintiff has failed to meet his burden of establishing a violation of his Eighth Amendment right to adequate medical care (Doc. 46 at 7-11).  Defendant contends Plaintiff has failed to establish both that he had a serious medical need and that Defendant subjectively knew of and disregarded a serious risk to his health (id.).  Viewing the evidence in the light most favorable to Plaintiff, he has failed to establish that his condition was a serious medical need.  Both parties agree that Defendant determined that Plaintiff's condition required no further treatment (Doc. 32 at 7;  Doc. 46, Yu Aff. ¶ 3).  Plaintiff admits Defendant told him the cyst would go away and that there was nothing more Defendant could do for him (Doc. 32 at 7).  Another physician, Dr. Cherry, reviewed the records and also reached the conclusion that Plaintiff's condition did not mandate treatment and posed no risk of harm (Doc. 46, Cherry Aff. ¶ 9).  The well-established law provides that there is no constitutional violation where a plaintiff is provided medical care but has a difference of opinion with the physician about further treatment.  Thigpen, 941 F.2d at 1504.  Although Plaintiff alleges that he would be able to dispute the findings of the doctors if he had access to a physician from outside the DOC (see Doc. 49), this claim is merely speculative.  Moreover, Plaintiff has failed to establish that his condition posed a

risk of serious harm, as he can establish at most that he suffered weight loss as a consequence[4] and has established no additional harm other than continued discomfort from the condition (Doc. 32 at 7).

Furthermore, even if Plaintiff established that his condition was a serious medical need, he has failed to meet his burden of establishing that Defendant acted with deliberate indifference to his medical needs.  Summary judgment must be granted for a defendant unless a plaintiff presents some evidence, even circumstantial, of the defendant's subjective awareness of the risk of the condition. Campbell v. Sikes, 169 F.3d 1353, 1364 (11th Cir. 1999).  Although Plaintiff states "Dr. Yu knew that his failure to provide treatment placed Plaintiff at serious risk of substantial harm" (Doc. 32 at 7), Plaintiff has alleged no facts to support his claim that Defendant was aware of such a risk. Indeed, Plaintiff's evidence suggests that Defendant believed there was no risk.  Both parties agree that Defendant indicated to Plaintiff that the cyst did not require treatment (Doc. 32 at 7, Doc. 46, Yu Aff. ¶ 3), which suggests that Defendant did not believe it presented a risk of harm to Plaintiff. Even if, according to Plaintiff's version of the facts, Defendant did exclaim "what the Hell is this?" while examining Plaintiff, Defendant told him on a subsequent visit that there was nothing more Defendant could do for him (Doc. 32 at 7).  Plaintiff has failed to establish a genuine issue of material fact with respect to Defendant's subjective awareness of the risk, and therefore has failed to establish that Defendant acted with deliberate indifference.  Accordingly, Plaintiff has failed to establish either element of an Eighth Amendment claim for inadequate medical treatment.

Because Plaintiff has failed to establish a constitutional violation, the court need not proceed further with the qualified immunity analysis; Defendant's entitlement to qualified immunity has been demonstrated.  See Wilson v. Layne, 526 U.S. 603, 609, 119 S. Ct. 1692, 1697, 143 L. Ed. 2d 818 (1999); see also County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5, 118 S. Ct. 1708, 1714 n.5, 140 L. Ed. 2d 1043 (1998).

Finally, to the extent Defendant is sued in his official capacity, the Eleventh Amendment bars this court from hearing Plaintiff's claim for monetary damages.  It is well established that the

---

[4]Plaintiff alleges he suffered "substantial" weight loss (Doc. 32 at 7); however, Defendant maintains that Plaintiff's weight fluctuated within the range of 179 to 186 pounds (see Doc. 46 at 9, Exs. C-C2, C5, C6, C9-C12).

Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment bar[s] damage awards against state officers sued in their official capacities in suits brought in federal court pursuant to 42 U.S.C. § 1983. *See* Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 3106, 87 L. Ed. 2d 114 (1985); Gamble v. Fla. Dep't of Heath and Rehab. Servs., 779 F.2d 1509, 1512 (11th Cir. 1986). Thus, to the extent Defendant is sued in his official capacity, he is entitled to immunity from damages.

IV.    CONCLUSION

Upon consideration of Plaintiff's claims and the evidence submitted, the undersigned concludes that there exists no genuine issue of material fact, and that Plaintiff has failed to establish a violation under the Eighth Amendment. Thus, as a matter of law, Defendant is entitled to judgment in his favor.

Accordingly it is respectfully **RECOMMENDED**:

1.    That Defendant's motion for summary judgment (Doc. 46) be **GRANTED**.

2.    That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 9th day of August 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**